| | | |
|---|---|---|
| **RETURN DATE: NOVEMBER 25, 2025** | : | **SUPERIOR COURT** |
| | : | |
| **STEPHEN OSTROSKI** | : | **J.D. OF NEW LONDON** |
| | : | |
| **VS.** | : | **AT NEW LONDON** |
| | : | |
| **LITTLE GIANT LADDER SYSTEMS, LLC;** | : | |
| **WING ENTERPRISES, INC.; and** | : | |
| **LOWE'S HOME CENTERS, LLC** | : | **OCTOBER 27, 2025** |

## COMPLAINT

### PARTIES AND BACKGROUND:

1.    At all times relevant to this Complaint, the Plaintiff, Stephen Ostroski, was a resident of Colchester, Connecticut

2.    At all times relevant herein, Defendant Little Giant Ladder Systems, LLC. ("Little Giant"), was a foreign limited liability company, organized under the laws of the State of Utah, for the purposes of designing, manufacturing, and distributing ladders including Little Giant Leveler ladders (hereinafter "the product") across the United States of America.

3.    At all times relevant herein, Wing Enterprises, Inc. ("Wing Enterprises"), was a foreign corporation, incorporated under the laws of the State of Ohio, organized for the purposes of designing, manufacturing, and distributing equipment including Little Giant Leveler ladders across the United States of America.

4.    At all times relevant herein, Defendant Lowe's Home Centers, LLC. ("Lowe's"), was a foreign limited liability company, organized under the laws of the State of North Carolina, engaged in the business of distributing, retailing, and/or selling products including Little Giant Leveler ladders across the United States of America.

5.    On or about December 3, 2020, the product, a Little Giant Leveler ladder manufactured by Defendant Little Giant, was purchased from Defendant Lowe's by the

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B

Plaintiff's children and given to the Plaintiff as a gift.

6.    From December 3, 2020, until the date of said product's failure on or about July 30, 2023, the product was not altered or modified in any way by the Plaintiff or any other third party from the condition in which it was distributed and/or retailed and/or sold by the Defendants.

7.    On or about July 30, 2023, the Plaintiff was using said product for its intended purposes when he set up the product in an "a-frame" position so that he could access the roof of his front porch.

8.    Prior to ascending the product, the Plaintiff set the ladder to the appropriate height and then rotated the quarter-turn locking mechanism until audible "clicks" could be heard, indicating to the Plaintiff that the locking mechanism had engaged.

9.    As the Plaintiff began his ascent and placed his foot on the fifth rung of the ladder, it collapsed suddenly and without warning, thereby causing the Plaintiff to fall and suffer the injuries and losses more fully set forth herein.

### FIRST COUNT – VIOLATION OF CONNECTICUT PRODUCT LIABILITY ACT, CONN. GEN. STAT. § 52-572M ET SEQ. (Stephen Ostroski v. Little Giant Ladder Systems, LLC.):

1.    Paragraphs One through Nine of the Parties and Background are hereby repeated and restated as Paragraphs One through Nine of this First Count as if set forth herein.

10.    At all times relevant herein, said product was designed, manufactured, distributed, and/or introduced into the chain of commerce in Connecticut by Defendant Little Giant.

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049
EXHIBIT B

11.   Defendant Little Giant constitutes a "product seller" under Conn. Gen. Stat. § 52-572m(a) because it is a distributor and/or retailer of ladders—including the product that injured the Plaintiff.

12.   Further, Defendant Little Giant constitutes a "product seller" under Conn. Gen. Stat. § 52-572m(a) because it is a "manufacturer" under Conn. Gen. Stat. § 52-572m(e) that "design[s], assemble[s], fabricate[s], construct[s], process[es], package[s] [and/]or otherwise prepare[s]" ladder systems for sale to a user or consumer, including the product that injured the Plaintiff.

13.   Namely, Little Giant distributed the product that is the subject of this Action to Lowe's for retail sale in the state of Connecticut, knowing that it would be purchased within the State of Connecticut by a consumer.

14.   Further, Little Giant advertises, distributes, sells, and/or leases ladders to consumers and/or entities within the state of Connecticut.

15.   Defendant Little Giant conducts substantial business in Connecticut and derives substantial revenue through the sale and distribution of ladders to consumers within Connecticut, and, therefore, should reasonably expect that its business in Connecticut would have consequences in this state.

16.   Defendant Little Giant owed a duty to all persons it would reasonably anticipate would utilize its products to properly design its equipment to ensure it would not cause harm to users; to ensure that its equipment is safe for use; to manufacture its equipment such that it is safe for use; and/or to provide proper warning signs concerning the safe use of its products and the potential injuries that could occur from misuse.

17.   Defendant Little Giant's breaches of its duties and its negligence, through its

3

EXHIBIT B

agents, servants, and/or employees, caused Plaintiff's injuries and losses as set forth herein in one or more of the following ways:

    a. In that it designed, manufactured, assembled, and/or constructed the product such that the quarter-turn locking mechanism could disengage during the course of use such that the ladder was defective as designed;

    b. In that it designed, manufactured, assembled, and/or constructed the product such that a user would be unable to identify upon visual inspection whether or not the product was in a "false locked" state;

    c. In that it designed, manufactured, assembled, and/or constructed the product such that a product in a "false lock" state could support a user's weight until they reach a dangerous height;

    d. In that it failed to use a reasonable alternative design such as a "J-hook" locking mechanism that would mitigate the risks of the product's locks disengaging or being placed in a "false lock" state;

    e. In that it failed to disclose to the general public the dangerous propensities of the product;

    f. In that it misrepresented to the general public, including consumers such as the Plaintiff, that the product was reasonably safe for users;

    g. In that it designed, manufactured, assembled, and/or constructed the product without suitable warning labels, devices, and/or placards to warn user of the dangerous and defective nature of the product; and/or

    h. In that it marketed, sold, and/or introduced into the stream of commerce said product in a defective condition.

18. Defendant Little Giant, through its agents, servants, and/or employees, knew of the defective conditions, or, had it exercised due care and proper diligence through same, should have known of the aforesaid conditions, yet despite such knowledge of said defective conditions, still marketed, sold, distributed, and/or otherwise introduced into the stream of commerce the defective product that caused Plaintiff's injuries as set forth herein.

19. The aforesaid defective conditions were the result of Little Giant's negligence in the "manufacture, construction, design, formula, preparation, assembly, installation, testing,

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B

warnings, instructions, marketing, packaging or labeling" of the product that caused the Plaintiff's injuries.

20. One or more of the defects described in Paragraph 17 above was a substantial factor in causing injuries to the Plaintiff as described in this Complaint.

21. Defendant Little Giant expressly warranted that the product was safe for its intended use and provides a lifetime warranty against manufacturing defects.

22. Defendant Little Giant impliedly warranted that the product was safe for use and of merchantable quality.

23. Defendant Little Giant breached this implied warranty of merchantability by designing, manufacturing, and delivering the product with a defective locking mechanism that failed and caused the product to collapse, thereby resulting in the Plaintiff's injuries described herein.

24. Defendant Little Giant's breach of this implied warranty of merchantability was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

25. The defective condition of the ladder's locking mechanism failing was a defective condition unreasonably dangerous to the consumer or user such that it would cause anyone to fall under similar circumstances without means of any ordinary user to detect or be able to mitigate this danger.

26. Defendant Little Giant knew or should have known that these defects existed at the time the product was designed, manufactured, and/or distributed, and then sold to the Plaintiff.

27. Because no substantial alterations were made to the product from the date of manufacture until the Plaintiff's ultimate purchase, Defendant Little Giant is strictly liable for

5

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B

the Plaintiff's injuries resulting from the products defective design.

28.     As a result of Defendant Little Giant's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff sustained and suffered a severed Achilles tendon that required surgical repair; contusions and abrasions to the back of his head and left lower extremity; a concussion; and pain and suffering.

29.     As a result of Defendant Little Giant's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff was forced to incur expenses for hospital care, surgical care, diagnostic testing, physical therapy, and the like.

30.     As a result of Defendant Little Giant's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff suffered a loss of wages and impairment to his earning capacity.

31.     As a result of Defendant Little Giant's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff sustained and suffered a loss of enjoyment of life's activities.

32.     The Plaintiff brings this Count pursuant to Connecticut General Statutes § 52-572m *et seq.*, as amended (the "Connecticut Product Liability Act"), and Connecticut General Statutes § 52-240b.

## *SECOND COUNT –VIOLATION OF CONNECTICUT PRODUCT LIABILITY ACT, CONN. GEN. STAT. § 52-572M ET SEQ. (Stephen Ostroski v. Wing Enterprises, Inc.)*:

1.     Paragraphs One through Nine of the Parties and Background are hereby repeated and restated as Paragraphs One through Nine of this Second Count as if set forth herein.

10.     Upon information and belief, Wing Enterprises, Inc. is the parent company of Little Giant.

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B

11.     Accordingly, at all times relevant herein, the product was designed, manufactured, distributed, and/or introduced into the chain of commerce in Connecticut by Defendant Wing Enterprises.

12.     Defendant Wing Enterprises constitutes a "product seller" under Conn. Gen. Stat. § 52-572m(a) because it is a distributor and/or retailer of ladders—including the product that injured the Plaintiff.

13.     Further, Defendant Wing Enterprises constitutes a "product seller" under Conn. Gen. Stat. § 52-572m(a) because it is a "manufacturer" under Conn. Gen. Stat. § 52-572m(e) that "design[s], assemble[s], fabricate[s], construct[s], process[es], package[s] [and/]or otherwise prepare[s]" ladder systems for sale to a user or consumer, including the product that injured the Plaintiff.

14.     Namely, Wing enterprises distributed the product that is the subject of this Action to Lowe's for retail sale in the state of Connecticut, knowing that it would be purchased within the State of Connecticut by a consumer.

15.     Further, Wing Enterprises advertises, distributes, sells, and/or leases ladders to consumers and/or entities within the state of Connecticut.

16.     Defendant Wing Enterprises conducts substantial business in Connecticut and derives substantial revenue through the sale and distribution of ladders to consumers within Connecticut, and, therefore, should reasonably expect that its business in Connecticut would have consequences in this state.

17.     Defendant Wing Enterprises owed a duty to all persons it would reasonably anticipate would utilize its products to properly design its equipment to ensure it would not cause harm to users; to ensure that its equipment is safe for use; to manufacture its equipment

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049
EXHIBIT B

such that it is safe for use; and/or to provide proper warning signs concerning the safe use of its products and the potential injuries that could occur from misuse.

18.     Defendant Wing Enterprise's breaches of its duties and its negligence, through its agents, servants, and/or employees, caused Plaintiff's injuries and losses as set forth herein in one or more of the following ways:

a.  In that it designed, manufactured, assembled, and/or constructed the product such that the quarter-turn locking mechanism could disengage during the course of use such that the ladder was defective as designed;

b.  In that it designed, manufactured, assembled, and/or constructed the product such that a user would be unable to identify upon visual inspection whether or not the product was in a "false locked" state;

c.  In that it designed, manufactured, assembled, and/or constructed the product such that a product in a "false lock" state could support a user's weight until they reach a dangerous height;

d.  In that it failed to use a reasonable alternative design such as a "J-hook" locking mechanism that would mitigate the risks of the product's locks disengaging or being placed in a "false lock" state;

e.  In that it failed to disclose to the general public the dangerous propensities of the product;

f.  In that it misrepresented to the general public, including consumers such as the Plaintiff, that the product was reasonably safe for users;

g.  In that it designed, manufactured, assembled, and/or constructed the product without suitable warning labels, devices, and/or placards to warn user of the dangerous and defective nature of the product; and/or

h.  In that it marketed, sold, and/or introduced into the stream of commerce said product in a defective condition.

19.     Defendant Wing Enterprises, through its agents, servants, and/or employees, knew of the defective conditions, or, had it exercised due care and proper diligence through same, should have known of the aforesaid conditions, yet despite such knowledge of said defective conditions, still marketed, sold, distributed, and/or otherwise introduced into the

8

stream of commerce the defective product that caused Plaintiff's injuries as set forth herein.

20.    The aforesaid defective conditions were the result of Wing Enterprise's negligence in the "manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling" of the product that caused the Plaintiff's injuries.

21.    One or more of the defects described in Paragraph 18 above was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

22.    Upon information and belief, Defendant Wing Enterprises expressly warranted that the product was safe for its intended use.

23.    Defendant Wing Enterprises impliedly warranted that the product was safe for use and of merchantable quality.

24.    Defendant Wing Enterprises breached this implied warranty of merchantability by designing, manufacturing, and delivering the product with a defective locking mechanism that failed and caused the product to collapse, thereby resulting in the Plaintiff's injuries described herein.

25.    Defendant Wing Enterprise's breach of this implied warranty of merchantability was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

26.    The defective condition of the ladder's locking mechanism failing was a defective condition unreasonably dangerous to the consumer or user such that it would cause anyone under similar circumstances to fall without means for any ordinary user to detect or be able to mitigate this danger.

27.    Defendant Wing Enterprises knew or should have known that these defects

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049
EXHIBIT B

existed at the time the product was designed, manufactured, and/or distributed, and then sold to the Plaintiff.

28.    Because no substantial alterations were made to the product from the date of manufacture until the Plaintiff's ultimate purchase, Defendant Wing Enterprises is strictly liable for the Plaintiff's injuries resulting from the products defective design.

33.    As a result of Defendant Wing Enterprise's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff sustained and suffered a suffered a severed Achilles tendon that required surgical repair; contusions and abrasions to the back of his head and left lower extremity; a concussion; and pain and suffering.

29.    As a result of Defendant Wing Enterprise's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff was forced to incur expenses for hospital care, surgical care, diagnostic testing, physical therapy, and the like.

30.    As a result of Defendant Wing Enterprise's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff suffered a loss of wages and impairment to his earning capacity.

31.    As a result of Defendant Wing Enterprise's breaches of its duties and negligence, its breaches of warranties, and its strict liability, the Plaintiff sustained and suffered a loss of enjoyment of life's activities.

32.    The Plaintiff brings this Count pursuant to Connecticut General Statutes § 52-572m *et seq.*, as amended (the "Connecticut Product Liability Act"), and Connecticut General Statutes § 52-240b.

***THIRD COUNT – VIOLATION OF CONNECTICUT PRODUCT LIABILITY ACT, CONN. GEN. STAT. § 52-572M ET SEQ. (Stephen Ostroski v. Lowe's Home Centers,***

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B

*LLC.)*:

1.      Paragraphs One through Nine of the Parties and Background are hereby repeated and restated as Paragraphs One through Nine of this Third Count as if set forth herein.

10.     Defendant Lowe's constitutes a "product seller" under Conn. Gen. Stat. § 52-572m(a) because it is a distributor and/or retailer of ladders—including the product that injured the Plaintiff.

11.     Lowe's advertises, distributes, sells, and/or leases ladders to consumers and/or entities within the state of Connecticut.

12.     Namely, Lowe's operates retail stores within the State of Connecticut, knowing that their products will be purchased within the State of Connecticut by consumers.

13.     Defendant Lowe's conducts substantial business in Connecticut and derives substantial revenue through the sale and distribution and sale of ladders and other products to consumers within Connecticut, and, therefore, should reasonably expect that its business in Connecticut would have consequences in this state.

14.     Defendant Lowe's owed a duty to all persons it would reasonably anticipate would purchase its products to ensure they would not cause harm to users; to ensure that its equipment is safe for use; and/or to provide proper warning signs concerning the safe use of its products and the potential injuries that could occur from misuse.

15.     Defendant Lowe's breaches of its duties and its negligence, through its agents, servants, and/or employees, caused Plaintiff's injuries and losses as set forth herein in one or more of the following ways:

> i.      In that it sold a defectively designed product where the quarter-turn locking mechanism could disengage during the course of use such that the ladder was

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049
EXHIBIT B

defective as designed;

j.  In that it sold a product designed such that a user would be unable to identify upon visual inspection whether or not the product was in a "false locked" state;

k.  In that it sold an unsafe product where a "false lock" state could support a user's weight until they reach a dangerous height;

l.  In that it engaged in the sale of the product without suitable warning labels, devices, and/or placards to warn user of the dangerous and defective nature of the product;

m.  In that it failed to disclose to the general public the dangerous propensities of the product; and/or

n.  In that it misrepresented to the general public, including consumers such as the Plaintiff, that the product was reasonably safe for users.

16.  Defendant Lowe's, through its agents, servants, and/or employees, knew of the defective conditions, or, had it exercised due care and proper diligence through same, should have known of the aforesaid conditions, yet despite such knowledge of said defective conditions, still marketed, sold, distributed, and/or otherwise introduced into the stream of commerce the defective product that caused Plaintiff's injuries as set forth herein.

17.  The aforesaid defective conditions were the result of Lowe's negligence in the "manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling" of the product that caused the Plaintiff's injuries.

18.  One or more of the defects described in Paragraph 15 above was a substantial factor in causing injuries to the Plaintiff as described in this Complaint.

19.  Upon information and belief, Defendant Lowe's expressly warranted that the product was safe for its intended use.

20.  Defendant Lowe's impliedly warranted that the product was safe for use and of

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049
EXHIBIT B

merchantable quality.

21.    Defendant Lowes breached these warranties by selling and delivering the product with a defective locking mechanism that failed and caused the product to collapse, thereby resulting in the Plaintiff's injuries described herein.

22.    Defendant Lowe's breach of this implied warranty of merchantability was a substantial factor in causing injuries to the Plaintiff as described in this Complaint.

23.    Defendant Lowe's knew or should have known that these defects existed at the time the product was distributed and then sold to the Plaintiff.

34.    As a result of Defendant Lowe's breaches of its duties and negligence, and its breaches of warranties, the Plaintiff sustained and suffered a severed Achilles tendon that required surgical repair; contusions and abrasions to the back of his head and left lower extremity; a concussion; and pain and suffering.

24.    As a result of Defendant Lowe's breaches of its duties and negligence, and its breaches of warranties, the Plaintiff was forced to incur expenses for hospital care, surgical care, diagnostic testing, physical therapy, and the like.

25.    As a result of Defendant Lowe's breaches of its duties and negligence, and breaches of warranties, the Plaintiff suffered a loss of wages and impairment to his earning capacity.

26.    As a result of Defendant Lowe's breaches of its duties and negligence, and breaches of warranties, the Plaintiff sustained and suffered a loss of enjoyment of life's activities.

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049
EXHIBIT B

27.     The Plaintiff brings this Count pursuant to Connecticut General Statutes § 52-572m *et seq.*, as amended (the "Connecticut Product Liability Act"), and Connecticut General Statutes § 52-240b.

THE PLAINTIFF,
STEPHEN OSTROSKI


BY:_____
     Michael A. Valentino, Esq.
     Fazzano & Tomasiewicz, LLC
     *His Attorneys*

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET ● HARTFORD, CT 06106 ● (860)231-7766 ● FAX (860) 560-7359 ● JURIS NO. 414049
EXHIBIT B

RETURN DATE: NOVEMBER 25, 2025    :    SUPERIOR COURT

    :

STEPHEN OSTROSKI    :    J.D. OF NEW LONDON

    :

VS.    :    AT NEW LONDON

    :

LITTLE GIANT LADDER SYSTEMS, LLC;    :
WING ENTERPRISES, INC.; and    :
LOWE'S HOME CENTERS, LLC    :    OCTOBER 27, 2025

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff claims:

1.  Money damages and compensation as to each of the above counts;

2.  Such other relief and compensation as the Plaintiff is entitled in equity; and/or

3.  Such other and further relief and compensation for damages as the Court deems appropriate and reasonable.

THE PLAINTIFF,
STEPHEN OSTROSKI

BY:_____
    Michael A. Valentino, Esq.
    Fazzano & Tomasiewicz, LLC
    *His Attorneys*

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B

RETURN DATE: NOVEMBER 25, 2025      :      SUPERIOR COURT

          :

STEPHEN OSTROSKI           :      J.D. OF NEW LONDON

          :

VS.           :      AT NEW LONDON

          :

LITTLE GIANT LADDER SYSTEMS, LLC;      :

WING ENTERPRISES, INC.; and      :

LOWE'S HOME CENTERS, LLC      :      OCTOBER 27, 2025

## AMOUNT IN DEMAND

The Plaintiff states the amount in demand in this matter is in excess of Fifteen Thousand US Dollars ($15,000) exclusive of costs and interest.

THE PLAINTIFF,
STEPHEN OSTROSKI


BY:_____
     Michael A. Valentino, Esq.
     Fazzano & Tomasiewicz, LLC
     *His Attorneys*

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 OAK STREET • HARTFORD, CT 06106 • (860)231-7766 • FAX (860) 560-7359 • JURIS NO. 414049

EXHIBIT B